United States District Court
Southern District of Texas
**ENTERED**
August 10, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERIK IVAN RIVERA (Inmate # 02399218), | § § § |
| Plaintiff, | § § |
| vs. | §   CIVIL ACTION NO. H-21-3072 |
| MICHELLE ORTIZ, *et al.*, | § § § |
| Defendants. | § § |

**MEMORANDUM OPINION AND ORDER**

Erik Ivan Rivera, representing himself, filed a civil rights action under 42 U.S.C. § 1983 alleging that he is unlawfully imprisoned on a sexual assault charge. (Docket Entry No. 1). Because Rivera is proceeding without prepaying the filing fee, the court must examine the complaint and dismiss the case if it determines that the action is "frivolous or malicious"; "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After reviewing the pleadings and all matters of record, the court dismisses this case. The reasons are explained below.

**I.      Background**

Rivera filed his complaint when he was a pretrial detainee in the Harris County Jail. (Docket Entry No. 1).[1] He sues Michelle Ortiz and Amberlyn McArtney, alleging that they lied to the police to have him arrested and prosecuted for sexual assault. (*Id.* at 5). He sues the State of Texas, alleging that the information filed against him was defective, that the State refused to dismiss the indictment, and that he is unjustly imprisoned on a false charge. (*Id.* at 3, 5). He sues

---

[1] Publicly available records show that Rivera is no longer confined in the Harris County Jail. *See* Jail Information – Harris County Texas Sheriff's Office, available at www.harriscountyso.org (last visited July 31, 2022).

the State Bar of Texas, alleging that it failed to appoint counsel for him under the "Mental Health Caseload," resulting in "misrepresentation" during his case. (*Id.* at 3, 5). And he sues the United States of America, alleging "wrongful imprisonment" and an "unjust conviction." (*Id.* at 3). Rivera seeks compensatory damages from each of the defendants for the time he spent in jail. (*Id.* at 4).

## II. Discussion

Rivera is representing himself, so his pleadings are construed under a less stringent standard of review. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam). Under this standard, the court will liberally construe the documents filed by a self-represented litigant. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). A complaint need not contain "detailed factual allegations," but it must allege "more than an unadorned the-defendant-unlawfully-harmed-me accusation. *Id.* (citing *Twombly*, 550 U.S. at 555). Complaints that do not meet this standard will be dismissed. *Id.* at 679.

### A. Claims Against Ortiz and McArtney

Rivera alleges that Ortiz and McArtney lied to the police to have him arrested for an offense he did not commit. (Docket Entry No. 1, p. 4). He alleges that they are liable under § 1983 for their wrongful accusations and for fraud. (*Id.* at 3).

To state an actionable § 1983 claim, the plaintiff must allege that the defendant, while acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution, a federal statute, or both. *See Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). To

act "under color of state law," the defendant must be either an officer of the state or "a willful participant in joint action with the State or its agents." *Cherry Knoll, L.L.C. v. Jones*, 922 F.3d 309, 319 (5th Cir. 2019) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)); *see also Knick v. Twp. of Scott, Pa.*, 139 S. Ct. 2162, 2167 (2019) (section 1983 provides "a federal forum for claims of unconstitutional treatment at the hands of state officials"). Without joint action with a state agent or official, a private individual does not act "under color of state law" for purposes of an action under § 1983.

Rivera does not allege any facts tending to show that either Ortiz or McArtney are state officials or that they acted jointly with state officials to deprive him of his rights under federal law. Rivera's complaint does not state a cause of action under § 1983 against either of them. Rivera's claims against Ortiz and McArtney are dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim.

### B. Claim Against the State of Texas

Rivera seeks damages from the State of Texas based on its allegedly improper prosecution of the sexual assault charge. This claim is barred under the doctrine of sovereign immunity.

Sovereign immunity bars actions against a state or state official unless Congress has abrogated such immunity or the state has specifically waived its immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Id.* And the State of Texas has not waived its sovereign immunity for purposes of § 1983 actions. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) ("It is up to the Legislature to institute such a waiver, and to date it has not seen fit to do so."); *see also Putnam v. Iverson*, No. 14-13-00369-CV, 2014 WL 3955110, at *3 (Tex. App. – Houston [14th Dist.] Aug. 14, 2014, pet. denied) (the Texas Legislature has not waived sovereign

3

immunity for any claim brought under § 1983). Rivera's claims against the State of Texas are dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) as barred by sovereign immunity.

### C. Claim Against the State Bar of Texas

Rivera alleges that the State Bar of Texas violated his civil rights by failing to appoint counsel for him under its "mental health caseload." (Docket Entry No. 1, p. 5). This claim is also barred by sovereign immunity.

Sovereign immunity protects state agencies, as well as the states themselves, from federal suits "unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 274 (5th Cir.), *cert. denied,* 141 S. Ct. 672 (2020) (quoting *Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015)); *see also Cozzo v. Tangipahoa Par. Council—President Gov't*, 279 F.3d 273, 280–81 (5th Cir. 2002) ("When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity."). "The State Bar is an agency of the Texas Judicial Department." *Krempp v. Dobbs*, 775 F.2d 1319, 1321 (5th Cir. 1985); *see also* TEX. GOV'T CODE § 81.011(a) ("The state bar is a public corporation and an administrative agency of the judicial department of government."). The State Bar, as a state agency, is protected from Rivera's claim by sovereign immunity. *See Green v. State Bar of Texas*, 27 F.3d 1083, 1087-88 (5th Cir. 1994). Rivera's claim against the State Bar of Texas is dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) as barred by sovereign immunity.

### D. Claim Against the United States

Rivera alleges that the United States violated his rights by wrongfully imprisoning him and unjustly convicting him. (Docket Entry No. 1, p. 3). Rivera's complaint contains no allegations tending to show that he has ever been prosecuted by the United States. Instead, his allegations

relate only to charges brought against him by the State of Texas. Because Rivera's complaint does not contain factual allegations against the United States sufficient "to 'state a claim to relief that is plausible on its face,'" *Iqbal,* 556 U.S. at 678, his claim against the United States is dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim.

### III. Conclusion

Rivera's complaint, (Docket Entry No. 1), is **dismissed with prejudice**. All pending motions are **denied as moot**. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk shall send a copy of this Memorandum Opinion and Order to the Three-Strikes List Manager at the following email: Three_Strikes@txs.uscourts.gov.

SIGNED on August 10, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge